UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.___________–Civ–___________/____________

RUTHANN GOODLIN,

Plaintiff,

vs.

CARNIVAL CORPORATION,

Defendant.
______________________________________/

COMPLAINT

Plaintiff RUTHANN GOODLIN sues Defendant CARNIVAL CORPORATION, and alleges:

1. This is a negligence action in which the Plaintiff alleges that the Defendant's negligence caused the Plaintiff to slip and fall and suffer bodily injuries. This case falls within the Court's diversity-of-citizenship jurisdiction.

2. The Plaintiff is a citizen of Pennsylvania.

3. The Defendant is a corporation incorporated under the laws of the Republic of Panama with its principal place of business in Florida.

4. The amount in controversy, without interest and costs, exceeds $75,000.

5. The passenger ticket that the Defendant provided the Plaintiff contains a forum-selection clause that says that actions such as this may be filed only in Miami in the United States District Court for the Southern District of Florida.

6. The Plaintiff has performed all conditions precedent to be performed by the Plaintiff or the conditions have occurred.

7. On or about September 15, 2015, the Plaintiff was a fare-paying passenger aboard *Carnival Glory*, a cruise ship owned and operated by the Defendant.

8. At that time and place the Defendant owed the Plaintiff a duty of reasonable care.

9. At that time and place, on or around the ship's 12th deck, the Defendant breached its duty in one or more of the following ways, causing the Plaintiff to injure herself when she slipped and fell in water or some other substance:

a. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to ensure that the surface of the deck was sufficiently slip-resistant.

b. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to take adequate steps to ensure that water and other liquids drain from the floor, rather than stand and pool.

c. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to provide passengers such as the Plaintiff with adequate hand rails or hand grips or some similar system that would give them something secure to hold onto when the deck became wet and slippery.

d. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to mop or squeegee the floor when it became wet, or the Defendant failed to take other steps to remove water and other substances from the floor, or the Defendant failed to place temporary mats or some other covering on the floor to make it safer to walk on.

e. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to assign enough crew members to monitor the area and make it safe.

f. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to provide adequate warnings that the floor becomes dangerously slippery when wet.

g. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to paint the floor a color that would make it easier for passengers to see when water is pooled on the deck.

h. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to put in place a system under which crew members would frequently inspect that area and mop up water or other liquids that pooled in that area.

i. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to put towels down on the deck to soak up water and to ensure that passengers would see that there were towels on the deck and would understand from the towels on the deck that the deck was wet and slippery.

j. In an area on the 12th deck where water is expected to spill, drip, or otherwise be present, the Defendant failed to put in place a system under which crew members would frequently check the drain to ensure that the drain was free of clogs and obstructions and was working properly, so that water would flow off the deck and down the drain.

k. The Defendant caused the water or other liquid to be on the floor, or the Defendant knew about the water or other liquid on the floor, or the water or other liquid had been on the floor for a sufficient length of time that the Defendant should have known of it, or the condition occurred in that area with regularity and was therefore foreseeable.

l. The Defendant breached its duty in other ways to be determined during discovery.

10. As a result of the Defendant's negligence, the Plaintiff slipped and fell, and suffered bodily injury and resulting pain and suffering, disability, physical impairment, disfigurement, mental anguish, inconvenience, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and the Plaintiff will suffer the losses in the future.

Therefore, the Plaintiff demands judgment against the Defendant for more than $75,000.00, plus costs, and the Plaintiff demands a jury trial.

Dated: January 6, 2016.

Respectfully submitted,
**s/David W. Singer**
David W. Singer (Florida Bar No. 306215)
E-mail: dsingeresq@aol.com;
pwalsh@1800askfree.com
David W. Singer & Assoc., PA
1011 South Federal Highway
Hollywood, FL 33020
Tel: (954) 920-1571
Fax: (954) 926-5746
Attorney for Plaintiff